UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

George Whaley Jr
_____
_____
(Enter above the full name of
plaintiff in this action)

:
:
:
:
:
:
:
:
:

CIVIL CASE NO: 4:20-cv-1681
(to be supplied by Clerk
of the District Court)

v.

Midland Funding LLC
_____
_____
_____
(Enter above the full name of
the defendant(s) in this action)

:
:
:
:
:
:
:
:
:
:

FILED
HARRISBURG, PA

SEP 16 2020

PER_____ MW
DEPUTY CLERK

## COMPLAINT

1. The plaintiff  George Whaley Jr  a citizen of

the County of  Lycoming  State of

Pennsylvania, residing at  677 Campbell Street, Williamsport, PA. 17701

wishes to file a complaint under  Title 28
(give Title No. etc.)

_____

2. The defendant is  Midland Funding LLC
350 Camino De La Reina #100, San Diego, CA 92108

3. STATEMENT OF CLAIM: (State below the facts of your case. If you have paper
exhibits that give further information of your case, attach them to this completed form. Use as
much space as you need. Attach extra sheet(s) if necessary) _____

(Attached)

(Attached)

3. (CONTINUED) _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

4. WHEREFORE, plaintiff prays that the court will grant his

request under these exceptional circumstances
        complaint
and apply damage of $11,000.00 [proved in trial/
will be proved in trial], and such other and further
relief as the court shall deem proper.

_____

_____

_____

George Whaley Jr
(Signature of Plaintiff)
677 Campbell Street
Williamsport, Pa. 17701
email → whaleypa4@comcast.net
570-447-3858

**STATEMENT OF CLAIM**

LYCOMING COUNTY, PA COURT OF COMMON PLEAS

George Whaley Jr

   Vs

Midland Funding LLC

FILED
HARRISBURG, PA

SEP 16 2020

PER_____
DEPUTY CLERK

Honorable Judge, Middle District of Pennsylvania

I am writing today to request for complaint due to "Exceptional Circumstances". In regards to a Judge ruling in this matter on June, 3 2020, I contend the ruling is wrong due to the following.

Firstly, "The debt is not Mine", I repeat "The debt is not Mine" as I stated on the tele-conference, nor has the debt ever proven to be mine. I also contend that just because the Plaintiff (Midland Funding LLC) did what was necessary to obtain the default judgement, it does not or has it ever been proven that the debt belongs to Defendant.

Secondly, The Plaintiff provided "Sewer Service" with a postal ticket supposedly signed by Defendant that Plaintiff said they got from a former Magistrate. I contend/say then and now that "I was Never Served". I proved to the best of my ability through Witness affidavit, Sworn statement in court, Document showing it was not my signature, Documents showing that my daughter practiced AAU Basketball at the time at a facility 2 hours away at the time of the alleged service of court hearing. Not to mention Document givin showing that Midland Funding LLC settled with PA Attorney General in a multi million dollar 30 state settlement for doing "Sewer Service" among many other Violations in the same year they obtained the default judgement against Defendant. Still, after all this, the Judge rules all Defendants evidence/ points as "Moot", and says "Defendant was served proper process.

I say again "I was Never Served", " I was Not Home" at the alleged time and date of alleged service, and givin all consideration, I believe that I proved that.

So, I am requesting your help in this matter as I've tried to get this complaint process to a higher court started for months however, since I am not an attorney and can't afford one, I have been unsuccessful in my attempt as I cannot/could not obtain the proper paperwork to get this           "
Exceptional Circumstances" complaint going.

    Thank You,  George Whaley Jr           570-447-3858

            677 Campbell Street

            Williamsport, Pa. 17701       E-mail: whaleypa4@comcast.net

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF LYCOMING



**NOTICE OF JUDGMENT/TRANSCRIPT**
**CIVIL CASE**

| | |
|---|---|
| Mag. Dist. No: | MDJ-29-1-02 |
| MDJ Name: | Honorable Allen P. Page III |
| Address: | Lycoming County Courthouse |
| | 48 West Third Street |
| | Room 103 |
| | Williamsport, PA 17701 |
| Telephone: | 570-327-2275 |

LAW OFFICES OF HAYT HAYT & LANDAU LLC
v.
George H Whaley Jr.

18 - 1150

Arthur Lashin, Esq.
Law Offices of Hayt, Hayt & Landau, LLC
Meridian Center 1
2 Industrial Way West
Eatontown, NJ 07724

Docket No: MJ-29102-CV-0000268-2017
Case Filed: 9/6/2017

**Disposition Summary** (cc - Cross Complaint)

| Docket No | Plaintiff | Defendant | Disposition | Disposition Date |
|---|---|---|---|---|
| MJ-29102-CV-0000268-2017 | LAW OFFICES OF HAYT HAYT & LANDAU LLC | George H Whaley Jr. | Default Judgment for Plaintiff | 10/10/2017 |

**Judgment Summary**

| Participant | Joint/Several Liability | Individual Liability | Amount |
|---|---|---|---|
| George H Whaley Jr. | $0.00 | $1,144.84 | $1,144.84 |
| LAW OFFICES OF HAYT HAYT & LANDAU LLC | $0.00 | $0.00 | $0.00 |

**Judgment Finding** (*Post Judgment)
In the matter of LAW OFFICES OF HAYT HAYT & LANDAU LLC vs. George H Whaley Jr. on MJ-29102-CV-0000268-2017, on 10/10/2017 the judgment was awarded as follows:

| Judgment Component | Joint/Several Liability | Individual Liability | Deposit Applied | Amount |
|---|---|---|---|---|
| Civil Judgment | | 0.00 | $1,040.34 | $1,040.34 |
| Costs | | 0.00 | $104.50 | $104.50 |
| | | | Grand Total: | $1,144.84 |

**Comments:**

ANY PARTY HAS THE RIGHT TO APPEAL WITHIN 30 DAYS AFTER THE ENTRY OF JUDGMENT BY FILING A NOTICE OF APPEAL WITH THE PROTHONOTARY/CLERK OF COURT OF COMMON PLEAS, CIVIL DIVISION. YOU MUST INCLUDE A COPY OF THIS NOTICE OF JUDGMENT/TRANSCRIPT FORM WITH YOUR NOTICE OF APPEAL.

EXCEPT AS OTHERWISE PROVIDED IN THE RULES OF CIVIL PROCEDURE FOR MAGISTERIAL DISTRICT JUDGES, IF THE JUDGMENT HOLDER ELECTS TO ENTER THE JUDGMENT IN THE COURT OF COMMON PLEAS, ALL FURTHER PROCESS MUST COME FROM THE COURT OF COMMON PLEAS AND NO FURTHER PROCESS MAY BE ISSUED BY THE MAGISTERIAL DISTRICT JUDGE.

UNLESS THE JUDGMENT IS ENTERED IN THE COURT OF COMMON PLEAS, ANYONE INTERESTED IN THE JUDGMENT MAY FILE A REQUEST FOR ENTRY OF SATISFACTION WITH THE MAGISTERIAL DISTRICT JUDGE IF THE JUDGMENT DEBTOR PAYS IN FULL, SETTLES, OR OTHERWISE COMPLIES WITH THE JUDGMENT.

10/10/17
Date

Allen Page III
Magisterial District Judge Allen P. Page III



FREE INTERPRETER
www.pacourts.us/language-rights
570-327-8700

IN THE COURT OF COMMON PLEAS OF LYCOMING COUNTY, PENNSYLVANIA

MIDLAND FUNDING, LLC,  
             Plaintiff,

vs.

GEORGE WHALEY JR.,  
             Defendant.

: No. 18-1150  
:  
:  
:  
: CIVIL ACTION - LAW  
:  
: *Defendant's Motion to Set*  
: *Aside Default Judgment*

## O R D E R

       AND NOW, following argument held May 22, 2020, on Defendant's Motion to Set Aside Entry of Default and Default Judgment and Defendant's Motion to Suppress, the Court hereby issues the following ORDER.

       The forgoing involves a credit card default action. On October 10, 2017, Plaintiff Midland Funding, LLC ("Plaintiff") obtained a default judgment in the Magisterial District Court against Defendant George Whaley Jr. ("Defendant") in the amount of $1,144.84 for Defendant's failure to defend. On August 14, 2018, Plaintiff filed a Praecipe to Transfer/Enter Judgment in the Lycoming County Court of Common Pleas. On April 2, 2020, nineteen (19) months after default judgment was entered in the Court of Common Pleas, Defendant filed a Motion to Set Aside Entry of Default and Default Judgment ("Motion to Set Aside Default Judgment" or "Motion"). Plaintiff filed in response a Brief in Opposition to Defendant's Motion to Set Aside Default Judgment ("Brief in Opposition") on May 11, 2020.

       Defendant additionally filed an Answer to Complaint and Counterclaim on April 13, 2020.[1] Defendant filed a Motion to Suppress Evidence on April 22, 2020.[2] Defendant filed a Motion to Strike Plaintiff's Affidavit of Debt on May 4, 2020. The Court held argument on Defendant's Motion to Set Aside Default Judgment and Defendant's Motion to Suppress on May 22, 2020. The Court will first address

---

[1] Defendant refiled his Answer to Complaint and Counterclaim on April 17, 2020 with additional attachments. Defendant thereafter filed an expanded Answer to Complaint and Counterclaim on May 11, 2020.  
[2] Defendant then filed an amended Motion to Suppress Evidence on April 27, 2020, which corrected a typographical error in the original filing.

Defendant's Motion to Set Aside Default Judgment.  The Court will liberally construe this Motion as a Petition to Strike / Open Default Judgment.[3]

### A. Petition to Strike

A petition to strike a default judgment operates as a demurrer on the record and does not involve the discretion of the courts.[4]  "A court may only look on the facts of record at the time judgment was entered to decide if the record supports the judgment."[5]  The court will only grant the petition to strike if a fatal defect appears on the face of the record.[6]  A fatal defect may include "a judgment entered without authority or jurisdiction, or a judgment entered in violation of the applicable rules of civil procedure."[7]

As per the Magisterial District Court's docket sheet, attached to Plaintiff's Brief in Opposition as Exhibit B, Plaintiff filed a Civil Complaint with the Magisterial District Court on September 6, 2017.  The docket sheet lists Defendant's acceptance of service of the Complaint on September 13, 2017.  Exhibit A to Plaintiff's Brief in Opposition is a certified mail receipt with Defendant's signature, dated September 13, 2017.  After Defendant failed to file a response, default judgment was entered on October 10, 2017. After reviewing the proffered evidence, the Court does not find a fatal defect on the face of the record that would preclude the Magisterial District Court from entering default judgment.  Therefore, there is no basis for the Court to strike the default judgment.

### B. Petition to Open Judgment

A court may open a default judgment if the moving party has: "(1) promptly filed a petition to open the default judgment, (2) provided a reasonable excuse or explanation for failing to file a responsive pleading, and (3) pleaded a meritorious defense to the allegations contained in the complaint."[8]  Opening a default judgment is an equitable

---

[3] *See e.g.*, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that *pro se* pleadings should be liberally construed).

[4] *Resolution Trust Corp. v. Copley Qu–Wayne Assocs.*, 683 A.2d 269, 273 (Pa. 1996).

[5] *Triangle Printing Co. v. Image Quest*, 730 A.2d 998, 999 (Pa. Super. 1999) (citations omitted).

[6] *City of Phila. Water Revenue Bureau v. Towanda Props., Inc.*, 976 A.2d 1244, 1247 (Pa. Commw. 2009) (citations omitted).

[7] Com. v. $519.00 US Currency/Coin, No. 1403 C.D. 2011, 2012 WL 8685271, at *4 (Pa. Commw. May 21, 2012).

[8] *Myers v. Wells Fargo Bank, N.A.*, 986 A.2d 171, 175-76 (Pa. Super. 2009).

remedy, and the decision to deny or grant such a petition is within the sound discretion of the court.[9]

Regarding the first element, the issue of promptness, the crucial factor in determining whether a petition to open default judgment was promptly filed is the reasonableness of the delay.[10]  Under certain extenuating circumstances, a petition to open filed after even a twenty (20) month delay may be considered prompt.[11]  However, absent adequate explanation for the delay, a petition to open filed just a few weeks after entry of default may be untimely.[12]

In this instance, Defendant's Petition to Open Default Judgment was filed nineteen (19) months after the entry of default judgment in the Court of Common Pleas. Defendant's justification for this delay was that he was not served process of the initial Complaint.  Defendant claims that the certified mail receipt indicating that he was served the Complaint contains a forged signature.  Defendant further claims that he did not receive mailed notice of the default judgment from the Magisterial District Court, nor did he receive the Notice of Judgment on Order which the case file indicates was issued by this Court's Prothonotary on August 14, 2018.  Defendant asserts that it was only after he served a validation of debt letter upon Plaintiff in order to obtain copies of his past credit reports that he received a copy of the default judgment on March 28, 2020.  Defendant asserts he has still yet to receive a copy of the initial Complaint.

The Court does not find credible Defendant's claim that he was not served the initial Complaint and that the certified mail receipt indicating his receipt contains a forged signature.  Nor does the Court find Defendant's claim that he first received notice of the default judgment on March 28, 2020 credible, given that the Magisterial District Court and this Court would have each separately mailed him notice of the judgment.  By Defendant's own assertion at argument, he has had no longstanding

---

[9] *Smith v. Morrell Beer Distribs., Inc.*, 29 A.3d 23, 25 (Pa. Super. 2011).

[10] *Lincoln Bank v. C & H Agency, Inc.*, 456 A.2d 136 (Pa. 1982).

[11] *See e.g.*, *Queen City Elec. Supply Co., Inc. v. Soltis Elec. Co., Inc.*, 392 A.2d 806 (Pa. Super. 1978) (holding that defendant's twenty (20) month delay in filing a petition to open was prompt under the circumstances when the delay resulted from the untimely death of defendant's attorney and consequent confusion relating to the disposition of defendant's assets).

[12] *See e.g.*, *McCoy v. Public Acceptance Corp.*, 305 A.2d 404 (Pa. 1973) (holding unexplained delay of three weeks was not prompt); *Quatrochi v. Gaiters*, 380 A.2d 404 (Pa. 1977) (holding unexplained delay of two and one-half weeks was not prompt).

3

issues receiving his mail.  Pursuant to this determination, the Court finds that
Defendant's nineteen (19) month delay in filing his Motion to Set Aside Default
Judgment was untimely.  Further, the Court finds that the certified mail receipt is
sufficient evidence that Defendant received a copy of Plaintiff's Complaint on
September 13, 2017.  Therefore, Defendant has failed to provide an adequate excuse
for his failure to timely file a response to the Complaint.

As to whether Defendant has presented a meritorious defense to Plaintiff's
Complaint, Defendant's Answer to Complaint and Counterclaim avers that Plaintiff has
violated various sections of the Fair Credit Reporting Act and Fair Debt Collection
Practices Act.  The Court's ability to assess the validity of these `defenses is limited by
the fact that Plaintiff's Complaint is not on record with this Court, as the forgoing matter
was initiated as a debt collection action and not as an appeal from judgment.  Plaintiff
was not therefore required to refile its Complaint.  However, given that Defendant has
failed to timely petition to open the judgment and has not presented a meritorious
explanation for his initial failure to answer Plaintiff's Complaint, the Court finds that the
equities do not support opening the judgment.

Pursuant to the forgoing, Defendant's Motion to Set Aside Default is DENIED.
As the Court will not strike or open the judgment, Defendant's Motion to Suppress and
Defendant's Motion to Strike Plaintiff's Affidavit of Debt are DISMISSED AS MOOT.

IT IS SO ORDERED this 3rd day of June 2020.

BY THE COURT,

Eric R. Linhardt, Judge

ERL/cp
cc:    Paul J. Klemm, Esq.
              *2 Industrial Way West, P.O. Box 500, Eatontown, NJ 07724*
       George Whaley Jr.
              *677 Campbell St., Williamsport, PA 17701*

4

George Whaley
677 Campbell Street
Williamsport, Pa. 17701



RECEIVED
HARRISBURG, PA

SEP 16 2020

PER _____ DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE District of Pennsylvania
228 Walnut Street
PO Box 983
Harrisburg PA ▮▮▮ 17101
➤ Clerk of Courts